Sutliee, J.,
dissenting. I am unable to concur in the opinion •expressed in this case, that the record does not show an error in overruling the motion of the plaintiffs for a new trial, and rendering judgment upon the verdict.
*We all agree that there was error in the refusal of the court ■to instruct the jury as requested, and in the instruction as given by the court to the jury, and for which the plaintiffs, by motion duly filed, asked for a new trial, provided these errors of the court are legally shown upon the record.
My brethren hold that the errors so occurring at the time of the ■charge refused and given to the jury, at the April term, can not be taken notice of by this court, for the reason that they only appear by the bill of exceptions taken at the next term, upon the overruling of the motion for a new trial; and that in order to have entitled the plaintiffs to the benefit of those errors in the charge to the jury, a bill of exceptions should have been taken at the time.
I hold that such is not the law, but that the opinion expressed by this court in the case of Coleman v. Edwards & Jackson, 5 Ohio St. *186 51, is a correct exposition of the law applicable to the case, and! ought to be adhered to.
The statute under which that case was decided, provided as follows : “ Sec. 3. In all cases pending in the court of common pleas, or in the Superior Court of Cincinnati, either party shall have the right to except to the opinion of the court, on a motion to direct a nonsuit, to arrest the testimony from the jury, and also in all cases of motion for a new trial by reason of any supposed misdirection to the jury, or by reason that the verdict may be supposed to be-against law or evidence, so that such case may be removed by writ of error; and where a party to a suit in either of the aforesaid courts alleges an exception to any opinion, or order, or judgment of such court, it shall be the duty of such judges of such court concurring in such opinion or order, if required by such party, during the progress of the case, to sign and seal a bill containing such exception or exceptions, before the case proceeds; or, if the party consent, the signing and sealing *of such bill of exceptions may be suspended until the trial is closed; but said bill of exceptions, shall be signed and sealed during the term; and such bill of exceptions, when signed and sealed, shall, if the party desire it, be-made a part of the record in such suit.” 2 Curwen, 1140.
Under this section, it was held, in the ease of Coleman v. Edwards. & Jackson, that where a motion for a new trial was made on the ground of alleged misdirection of the court in its charge to the jury, and continued to a subsequent term of the court, and then overruled, the party making the motion has the right to his bill of exceptions to the order of the court overruling the motion, although no exceptions were taken to the charge of the court to the jury at time of the trial. The motion for the new trial was in that case filed upon the return of the verdict in that case, as in this, and continued until the nfext term for hearing. At the ensuing term the motion was overruled, and a bill of exceptions was thereupon allowed, reciting the facts that, upon certain evidence particularly stated, the court was requested to give certain instructions to the jury, which was refused, and which the party, as alleged error of law, had stated in his motion as cause for a new trial; and that the court had overruled the motion for a new trial, holding the matter insufficient cause for a new trial. And on the bill of exceptions so taken to the overruling of the motion, this court was unanimous in *187 holding the bill of exceptions sufficient, an d reversed the order of' the court below in overruling the motion for a new trial.
■In that case, it will be observed, the party did not even except to-the refusal of the court to charge the jury as requested, on the trial, or at that term. In this case the bill of exceptions not only shows, as in that case, the refusal of the court to give the proper instruction to the jury when requested, but also that the party at the time • excepted thereto.
*Now, either the rule laid down by this court in that case was wrong, or the rule has been changed by the code, or the rule-laid down in this case is wrong.
Has the law been changed by the provisions of the code ?
The provisions of the code in relation to the right of exception-, to overruling a motion for a new trial, are as follows:
Sec. 290. “An exception Í3 an objection taken to a decision of the court upon a matter of law.
Sec. 291. “ The party objecting to the decision must exeept at. the time the decision is made, and time may be given to reduce the-exception to writing, but not beyond the term.
Sec. 292. “No particular form of exception is required. The-exception must be stated, with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible.”
Sec. 294. . . . “ The party excepting must reduce his exception to writing, and present it to the court for its allowance. If true, it shall be the duty of a majority of the judges composing-the court, to allow and sign it, whereupon it shall be filed with the pleadings as part of the record, but not spread at large on the-journal. If the writing is not true, the court shall correct it, or-suggest the correction to be made, and it shall then be signed as aforesaid.”
It is provided in article 6 of the code, as follows :
Sec. 297. . . . “ The former verdict, report or decision, shall be vacated, and a' new trial granted, on .the application of the party aggrieved, for any of the following causes affecting materially the-substantial rights of such party :
“ 1. Irregularity in the proceedings of the court,” etc.
*“2. Misconduct of the j ury or prevailing party. . . .
“ 8. Error of law occurring at the trial and excepted to by the-party making the application.”
*188 Sec. 299. “ The application must be by motion upon written grounds, filed at the time of the making the motion.”
Now, upon comparison of the provisions of the code with the ■statute of March 12, 1815, it is evident that the provisions of the -code are even more strong than those of the statute giving the right to a new trial on motion, and the right of excepting to the ■order of the court in overruling such motion.
Has the party complied with the provisions of the code, authorizing him to the benefit of the causes for a new trial, set forth in his motion ? The cause set forth in the motion is, “ error of law occurring at the trial and excepted to by the party,” to wit, that “ the court misdirected the jury as to the law.” The code provides, that the objection to the instruction or decision of the court may be made at any time during the term. The record shows us, that on the coming in of the verdict, at the time of the trial, the party made his written objection to the charge of the court, as expressed by the motion to set aside the verdict for such error of law, .and then filed in court, and the motion is made part of the record-The bill of exceptions taken to the overruling of the motion, was taken at the term and at the time the motion was overruled. The ■code provides that such bill of exceptions, if not true, shall be corrected by the court, and that the court shall allow and sign it, “ whereupon it shall be filed with the pleadings as part of the record.” And this bill of exceptions not only recites the erroneous charge given by the court, but the fact that the party excepted at the time to the charge. It therefore stands thus : the bill of exceptions taken at the time of overruling the motion shows both the “ error of law occurring at the trial,” and the fact that the party at the Hime excepted to it; and the bill of exceptions being part of the record, and like other parts of the record, importing absolute verity, good cause for the motion is shown by the record. It seems to me, therefore, evident that the motion for a new trial ■ought to have been allowed, and that the court erred in overruling ■the motion and rendering judgment in favor of the defendants.
But it is said that no hill of exceptions was taken at the time or at the term of the erroneous charge of the court to the jury, so sot forth as a cause for a new trial.'
It ought to be a sufficient answer to this objection, that the code ■does not require that a bill of exceptions should be taken in order to •entitle the party to the benefit of a motion for a new trial; but only *189 that such■ charge should be “excepted to by the party;” and the record shows that this was done at the term and at the time of the-charge.
But the reason of the case, as well as the provisions of the code,, are opposed to the objection.
The provisions of the code, it is true, give a party the right, if he sees fit, to take a bill of exceptions to any decision of the court, ■ which he regards as error of law, occurring during the trial, and to stand upon that bill of exceptions, without asking for a new trial, if he sees fit so to do. But the party has also the right to roly upon a motion for a new trial predicated upon such supposed error objected to by him. And it is but reasonable to suppose, that counsel having full confidence in the willingness of the court to correct its own errors, might prefer the summary remedy of a 'motion for a new trial, to the more protracted one of carrying the case to a revising court. And such seems to have been the course taken by counsel in this case.
Nor is there any reason apparent, why, on hearing of the motion, a party should be precluded from proving any cause for the motion set forth therein, and constituting a legal cause for a new trial.
Suppose the motion in this case to have been for the *eause, that the party submitted to the court the legal proposition in writing, which he was entitled to have given in charge to the jury, and requested to have given, and that the court refused to give the same, but underneath wrote a charge directly the converse and a denial of the proposition proposed, and read the same to the jury, to all which the party excepted, and that on the return of the verdict, the party made his motion for a new trial, attaching thereto • the written proposition and charge, and the clerk had filed the same in the case at the time. If the court had at this point continued the case and adjourned the «ourt, can it be doubted that the - fact of the submission and refusal of the proposition, and the fact of the reading to the jury the counter proposition, might be proved upon the hearing of the motion at a subsequent term by the court, even though hold by another judge ? Certainly there could be no ■ objection to such proof which would not in such a case apply equally to any other cause for a new trial, occurring at the trial of the. case. If the cause set forth in the motion for a new trial so continued, had been alleged misconduct of the jury, or prevailing party upon-the trial, and the motion were heard by another member of tho- *190 ■ court, it can not be doubted that it would be competent and neces■•sary for the party to prove such alleged misconduct upon the trial, .and. this although the misconduct might have occurred in the presence of the other judge who tried the case.
The difference in our views of this case, I apprehend, arises from my regarding the bill of exceptions taken at the time of overruling the motion as the only bill of exceptions, and the order overruling the motion and the judgment thereupon entered, as the final order .■and judgment, which are alone brought before us for revision. I regard the error in the charge of the court, and the misconduct on the trial, and all other causes enumerated for a new trial, only as facts, which, if alleged as cause for new trial, ought to be proved, or .shown to have existed, by the bill of exceptions taken to the overruling the motion. And if they *are shown by the bill of exceptions (which imports absolute verity), inasmuch as it is provided by the code, that for such cause the verdict shall be vacated and a ■ new trial granted, the court erred in refusing a new trial.
I regard the decision of this case as not only opposed to the ex- ■ press provisions of the code referred to, but as one subjecting the ■ courts and lawyers to much inconvenience. Under the change of the rule by this decision, the courts must be subject to the delay • of business, and lawyers to the labor of drawing up bills of exception upon every supposed error in the holding of the court, for which it is proposed, if necessary, to ask that the verdict be ■vacated. And besides this delay and labor, these bills of exception, becoming part of the record, must greatly increase the labor • of the clerks and the expense of suitors. I am certain there is no ■ express provision of the code requiring any such change in our practice; and I am equally confident such change is not implied, nor is it justified by any reasons, or regard to public convenience, ;that I am able to perceive or appreciate.